35268. BIRT v. HOPPER.

HILL, Justice.

Billy Sunday Birt was convicted of the burglary, armed robbery and murders of Mr. and Mrs. Reid Oliver Fleming, Sr. The evidence showed that the Flemings had been tortured and then strangled to death with coat hangers among other devices. Birt was sentenced to death for each of the murders and his death sentences were upheld on direct appeal. *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976), cert. den. 429 U. S. 1029 (1976).

After a new execution date was set, Birt filed a petition for a writ of habeas corpus on March 13, 1978. On March 29, 1979, the habeas court granted Birt a new sentencing hearing on the ground that the trial court had failed to explain to the jury that it could be merciful and sentence Birt to life imprisonment even though it found the existence of one or more statutory aggravating circumstances beyond a reasonable doubt. The respondent warden did not appeal this ruling.[1] The habeas court

_____

[1] The district attorney's motion for an out-of-time

denied all of Birt's other grounds for habeas corpus relief which involved alleged defects in the guilt-innocence phase of his trial. Birt's application to appeal this order was granted.[2] He enumerates 4 alleged errors.

1. Birt argues that he was forced to accept appointed counsel, whom he did not want, in violation of his sixth amendment right to counsel. Birt was incarcerated in the federal penitentiary in Marion, Illinois, on an unrelated federal conviction when he was indicted for the Fleming murders on January 31, 1975, by the Jefferson County grand jury. Appointed counsel notified him of the indictment by telephone. Birt immediately told his appointed counsel that he did not want the appointed lawyer's services and that when he came to Georgia for arraignment he would hire an attorney. When Birt was arraigned on June 7, 1975, he objected to being represented by appointed counsel even though he had not retained an attorney. The trial judge conducted the arraignment with the appointed attorney as counsel. Birt later retained counsel who first met with appointed counsel on Sunday, the day before the trial started on

---

appeal, filed five and a half months after the order complained of, is denied. Out-of-time appeals are granted where a defendant in a criminal case is not advised of his right of appeal or his counsel fails to appeal. *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976); *Williams v. Hopper*, 243 Ga. 475 (254 SE2d 854) (1979). The district attorney's effort to have his motion treated as a cross appeal must fail because no notice of cross appeal was timely filed in either the trial or appellate court, on behalf of the respondent warden or otherwise. Code § 6-803; *Jordan v. Caldwell*, 229 Ga. 343 (191 SE2d 530) (1972); *Associated Distributors, Inc. v. Willard*, 242 Ga. 247, 248 (248 SE2d 645) (1978).

[2]The state's motion to consolidate Birt's appeal with the appeal in *Gaddis v. State*, 245 Ga. 200 (1980), was denied in the *Gaddis* case because the merits of the issues raised in that case were not considered. Similarly, we do not consider here the sufficiency of the sentencing charge given at Birt's trial.

Monday, June 23, 1975. Although retained counsel proposed seeking a continuance due to his late entry into the case, appointed counsel expressed doubt that a continuance would be granted because he was prepared and Birt had had ample time to retain an attorney.

Appointed counsel testified at the habeas hearing that after independent conversations with both attorneys, Birt decided to keep both of them. Birt's contrary testimony was rejected by the habeas court. *Williams v. Caldwell*, 229 Ga. 453 (1) (192 SE2d 378) (1972). The conclusion of the habeas court that Birt voluntarily accepted the assistance of both attorneys is supported by the record. No objection was made at the commencement of the trial by retained counsel to the representation of appointed counsel and Birt was represented by the appointed counsel in the original appeal. Birt's reliance on Powell v. Alabama, 287 U. S. 45 (53 SC 55, 77 LE 158) (1932), is misplaced. Here the trial court appointed counsel well before trial and it was Burt's retained counsel who entered the case late. Petitioner was not denied his sixth amendment right to the assistance of counsel.

2. In his second enumeration of error, Birt argues that his appointed attorney was ineffective because he failed to challenge the composition of the traverse jury. In his third enumeration, he argues that the traverse jury pool was unconstitutionally composed. Because we find the jury claim to have been waived by competent counsel, we do not consider the composition question.

Our habeas corpus statute provides that "The right to object to the composition of the grand or traverse jury will be deemed waived under this section, unless the person challenging the sentence shows in the petition and satisfies the court that cause exists for his being allowed to pursue the objection after the conviction and sentence has otherwise become final." Code Ann. § 50-127 (1). No challenge has been made to this statute unless the effective assistance of counsel question be considered as such a challenge. But see *Goodwin v. Hopper*, 243 Ga. 193 (253 SE2d 156) (1979).

Appointed counsel testified that he discussed the possibility of a challenge to the *grand* jury with both retained counsel and Birt. He advised Birt that he was

prepared to make such a challenge and that it would produce some delay but that he thought the state would reindict almost immediately with a validly constituted grand jury. Appointed counsel testified that Birt was anxious to have his day in court and confront Billy Wayne Davis, one of Birt's co-conspirators and a witness for the state, and that Birt decided that no grand jury challenge should be made. The habeas court found that Birt had personally relinquished his right to challenge the composition of the grand jury. The habeas court was free to reject Birt's testimony to the contrary. *Williams v. Caldwell,* supra.

Appointed counsel testified that no challenge to the composition of the *traverse* jury was made because, based upon his discussions with the jury commissioners, he was satisfied with the method of selecting the jury pool, and based upon his investigation, he was satisfied with the composition of the jury list.[3] Although the habeas court did not find that Birt personally participated in the decision not to challenge the traverse jury, Birt had expressed his desire to proceed to trial and his retained counsel did not demur to appointed counsel's decision.

*Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974), provides that a criminal defendant is not entitled to perfect counsel or counsel judged ineffective by hindsight but to reasonably competent counsel. In this case, although counsel did not know the racial composition of the county, he knew that the traverse jury pool had recently been revised to include more blacks and women. Counsel studied both the method of selecting the pool and the actual composition of the jury list and elected not to challenge the traverse jury. This decision was not clearly erroneous in view of the ultimate composition of the jury (see footnote 3). Petitioner has not carried his burden of proof in establishing that his appointed counsel was ineffective nor has he made any attempt to dem-

---

[3]The record does not show the composition of the panels from which the traverse jury was struck. That jury itself was composed of six males and six females, eight white and four black.

onstrate the ineffectiveness of retained counsel. Assuming but not deciding that ineffectiveness of counsel will satisfy the "cause" requirement of Code Ann. § 50-127(1), supra, having failed to demonstrate such ineffectiveness, petitioner has also failed to carry his burden of showing cause for the failure to challenge the composition of the traverse jury panels which would negate the statutory waiver rule. Petitioner's second and third enumerations of error show no basis for reversal.

3. Petitioner also argues that excessive security at trial deprived him of his constitutional due process right to the "indicia of innocence." Security for the trial was unquestionably stringent. Birt was accused of the extraordinarily brutal murders of an elderly couple. Law enforcement officials had information indicating that his young son might try to help him escape. Federal officials had a hand in the matter due to Birt's federal imprisonment. Uniformed and non-uniformed officers attended the trial, at least one with his weapon visible to the jury. The trial judge testified at the habeas corpus hearing that he met before trial with state law enforcement officials who explained the security precautions to him, that security was tight but that the courtroom was never turned into an armed camp, that he did not abdicate to law enforcement officials his responsibility to supervise the conduct of the trial, and that he refused to permit the defendant to be tried in shackles. Considering the circumstances, we do not find that the trial judge abused his discretion as to security measures or that the petitioner was deprived of his right to a fair trial. *Allen v. State,* 235 Ga. 709, 711-712 (221 SE2d 405) (1975).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1979 — DECIDED FEBRUARY 6, 1980 — REHEARING DENIED FEBRUARY 26, 1980.

*Lloyd D. Thompson, Eric G. Kocher, Jack Greenberg, John Charles Boger, Anthony G. Amsterdam,* for appellant.

*Arthur K. Bolton, Attorney General, John W.*

*Dunsmore, Jr., Assistant Attorney General, H. Reginald Thompson, District Attorney,* for appellee.

