Billy Sunday BIRT, Petitioner,

v.

Charles MONTGOMERY, Warden,
Respondent.

Civ. A. No. 681–24.

United States District Court,
S. D. Georgia,
Augusta Division.

Feb. 16, 1982.

John Charles Boger, New York City, Eric G. Kocher, Gainesville, Ga., for petitioner.

Harrison Kohler, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

BOWEN, District Judge.

On December 23, 1973 Mr. and Mrs. Reid Oliver Fleming, Sr., two elderly citizens of Wrens, Georgia, were found strangled to death in the bedroom of their rural home. After investigation, Billy Sunday Birt, the petitioner, was indicted by a Jefferson County grand jury for the following offenses relating to the death of the Flemings: burglary, two counts of armed robbery and two counts of murder. Petitioner was convicted of these offenses on June 28, 1975 after a six day jury trial in the Superior Court of Jefferson County. He received a twenty year sentence for the offense of burglary, two life sentences for two counts of armed robbery and two sentences of death for the two counts of murder. Petitioner's death penalties were subsequently vacated and petitioner has been granted a new sentencing hearing in regard to his murder convictions. *See Birt v. Hopper*, 245 Ga. 221, 265 S.E.2d 276, *cert. denied*, 449 U.S. 855, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980).

Petitioner, now an inmate at Georgia State Prison in Reidsville, Georgia, was allowed to proceed *in forma pauperis* in this action for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 under an order of the Court dated March 24, 1981. The following grounds for relief are raised in the petition which petitioner, through counsel, has submitted to the Court: (1) petitioner was denied his right to effective assistance of counsel, (2) excessive security measures at petitioner's trial violated his right to due process and (3) there was insufficient evidence to support petitioner's convictions. Petitioner's petition reveals that prior to filing this action in federal court, plaintiff sought relief from his convictions before the Georgia Supreme Court on two occasions, see Birt v. State, 236 Ga. 815, 225 S.E.2d 248, cert. denied, 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632 (1976) (direct appeal of his conviction); Birt v. Hopper, 245 Ga. 221, 265 S.E.2d 276, cert. denied, 449 U.S. 855, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980) (appeal from decision of state habeas court), and before the Tattnall County Superior Court (state habeas corpus). After reviewing the findings of those state courts, the Court is satisfied that petitioner has exhausted his state remedies as to every issue now raised before this Court. See 28 U.S.C. § 2254(b).

### FINDINGS AND CONCLUSIONS

At the outset, the limited scope of this Court's power to review state court factual findings must be recognized.

[I]n a federal habeas corpus proceeding instituted by a state prisoner, a determination after a hearing on the factual issues made by a state court of competent jurisdiction and evidenced by a written finding, written opinion or other reliable and adequate written indicia shall be presumed to be correct unless one of the seven specified conditions set forth in 28 U.S.C. § 2254 is found to exist or unless the habeas corpus court concludes that the relevant state court determination is not fairly supported by the record.

Williams v. Blackburn, 649 F.2d 1019, 1022–23 (5th Cir. 1981) (supplemental opinion); see Sumner v. Mata, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Since the Court finds that petitioner received a full and fair hearing on the merits of all of the grounds for relief which he now brings before this Court and that not one of the statutory exceptions contained in 28 U.S.C. § 2254(d) is satisfied, the factual findings made by the state courts of Georgia concerning such grounds for relief will be presumed to be correct. The specific state factual findings relied upon by the Court will be explicated as necessary in the following divisions of this opinion.

### I. EFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges that he was denied effective assistance of counsel because Mr. Collins, his court-appointed attorney,[1] failed to challenge the composition of petitioner's grand and traverse juries. Under

---

1. The record indicates that petitioner informed the trial court at his arraignment that he did not want to be represented by his appointed counsel, Mr. Collins. This is not a case, however, where petitioner demanded that a different lawyer be appointed upon a showing of good cause. See United States v. Young, 482 F.2d 993 (5th Cir. 1973); United States v. Sexton, 473 F.2d 512, 514 (5th Cir. 1973). Instead, petitioner simply expressed a general preference for privately retained counsel over any appointed counsel. Once petitioner retained Mr. Reeves, the Court finds that petitioner voluntarily chose to proceed immediately to trial with the assistance of both Mr. Collins and Mr. Reeves. The Court finds that petitioner's decision to proceed with dual counsel, without making a motion for a continuance, is dispositive of any allegation that petitioner was denied counsel of his choice. The Court also notes that any argument which Mr. Collins made to Mr. Reeves or to petitioner that a motion for continuance was likely to be denied was entirely appropriate. It has been repeatedly stated that "[j]udges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." United States v. Llanes, 374 F.2d 712, 717 (2nd Cir.), cert. denied, 388 U.S. 917, 87 S.Ct. 2132, 18 L.Ed.2d 1358, rehearing denied, 389 U.S. 891, 88 S.Ct. 24, 19 L.Ed.2d 208 (1967). Any motion by petitioner or Mr. Reeves on the day of the trial to substitute counsel not then prepared to proceed might reasonably have been viewed as a pretext for delay. See United States v. Dilworth, 524 F.2d 470, 472–73 (5th Cir. 1975).

the sixth amendment, petitioner was entitled to "counsel reasonably likely to render and rendering reasonably effective assistance." *McKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *modified*, 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). The burden of proof is on the petitioner to show that he was denied adequate representation under this standard. *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir. 1980), *cert. denied*, 451 U.S. 916, 101 S.Ct. 1992, 68 L.Ed.2d 307 (1981). "The appropriate methodology for determining whether there has been effective assistance is to examine the totality of circumstances in the entire record." *Baty v. Balkcom*, 661 F.2d 391, 394 (5th Cir. 1981). *See* e.g., *Washington v. Estelle*, 648 F.2d 276 (5th Cir. 1981); *Lovett v. Florida*, 627 F.2d 706 (5th Cir. 1980).

■ After a careful review of the record in this case, the Court is satisfied that the representation afforded petitioner by Mr. Collins with the assistance of Mr. Reeves was more than adequate. Specifically, the

Court adopts the finding of the state courts that petitioner "personally relinquished his right to challenge the composition of the grand jury." *Birt v. Hopper*, 245 Ga. 221, 224, 265 S.E.2d 276, *cert. denied*, 449 U.S. 855, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980). The Court finds that petitioner had informed counsel of his desire to proceed to trial as rapidly as possible so that petitioner could face his accusers. Counsel's decision to forego a challenge to the grand jury was consistent with and a direct result of petitioner's request to avoid any unnecessary delay of his trial.

■ As for the composition of the traverse jury,[2] the Court credits the testimony of Mr. Collins, which was adopted by the state courts, indicating that "although counsel did not know the racial composition of the county, he knew that the traverse jury pool had recently been revised to include more blacks and women." *Id.* The Court finds that Mr. Collins met with the jury commissioners and diligently investigated the jury list in question. In assessing

2. Present counsel for petitioner goes to some lengths to argue the merits of the traverse jury issue in the brief which he has submitted to the Court. To the extent that petitioner is seeking to raise the jury composition issue independently of its impact on the issue of whether petitioner received effective assistance of counsel, the Court finds that the issue is without merit.

In 1967 the Georgia State Legislature enacted a new habeas corpus statute which created some confusion concerning what constituted a waiver of certain fundamental rights under Georgia law. *See* Ga.Code Ann. § 50–127(1); *Young v. Zant*, 506 F.Supp. 274 (M.D.Ga.1980); *Stewart v. Ricketts*, 451 F.Supp. 911 (M.D.Ga. 1978). Any confusion was ended, at least for the purposes of this case, by an amendment to the habeas corpus statute which was approved on April 24, 1975, almost exactly two months before petitioner's trial in the Jefferson County Superior Court. Under that amendment,

[t]he right to object to the composition of the grand or traverse jury will be deemed waived ..., unless the person challenging the sentence shows in the petition and satisfies the Court that cause exists for his being allowed to pursue the objection after the conviction and sentence have otherwise become final.
1975 Ga.Laws 1144.

"If a state has a valid rule of which requires the defendant to object to the composition of

the grand or petit jury before or during trial, failing which the objection is waived, then the federal courts honor that procedural rule by not allowing the convicted defendant to raise the jury claim in a federal habeas corpus proceeding." *Young v. Zant*, 506 F.Supp. 274, 277 (M.D.Ga.1980); *see Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, 1711, 48 L.Ed.2d 149 (1976). "[A]bsent *cause* for the procedural default and *actual prejudice* from the error, principles of comity and federalism prevent federal courts from granting habeas relief to state prisoners whose claim is non-reviewable in State Court because of the default." *Washington v. Estelle*, 648 F.2d 276, 278 (5th Cir. 1981). Significantly, "an allegation of ineffective assistance is not sufficient to satisfy the 'cause' requirement." *Id.; see Lumpkin v. Ricketts*, 551 F.2d 680 (5th Cir.), *cert. denied*, 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977). In this case, "cause" for petitioner's failure to object to the composition of the traverse jury has not been established. In harmony with the Georgia Supreme Court, this Court finds that petitioner's traverse jury claim was waived by competent counsel. *See Birt v. Hopper*, 245 Ga. 221, 223, 265 S.E.2d 276, *cert. denied*, 449 U.S. 855, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980).

Mr. Collins' ultimate decision not to challenge the traverse jury, the Court notes again that petitioner had expressed to counsel his desire to proceed to trial as rapidly as possibly. Under the facts of this case, the Court cannot say that Mr. Collins' failure to challenge petitioner's traverse jury rendered his representation of petitioner ineffective. Taken in context, counsel's decision can best be characterized as a matter of trial strategy. Mr. Collins testified at petitioner's state habeas corpus hearing that he filed a motion for change of venue with the stipulation that he would not insist on such a change if the defense was able to draw a satisfactory jury. (state habeas transcript at 306–08). Mr. Collins indicated that he was indeed satisfied with the jury which was ultimately selected and that the venue motion was dismissed.[3] Even if the decision not to challenge the traverse jury could be characterized as a mistake in judgment,[4] "[i]t is well settled ... that an accused in a criminal case is entitled to 'effective assistance of counsel,' but not to an error free performance." *Dozier v. United States Dist. Court, etc.*, 656 F.2d 990 (5th Cir. 1981); *see United States v. Burroughs*, 650 F.2d 595 (5th Cir. 1981); *Washington v. Estelle*, 648 F.2d 276, 279 (5th Cir. 1981). Mr. Collins' reasoned choice not to challenge the traverse jury and his acquiescence in petitioner's decision not to challenge the composition of the grand jury do not establish a claim for habeas corpus relief. *See Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981); *United States v. Hughs*, 635 F.2d 449, 452–53 (5th Cir. 1981). Under the totality of the circumstances it is clear that petitioner's first contention is without merit. *Nelson v. Estelle*, 642 F.2d 903, 906 (5th Cir. 1981).

**3.** The record indicates that petitioner's jury was composed of three white males, five white females, three black males and one black female. *See Lovett v. Florida*, 627 F.2d 706, 710 (5th Cir. 1980). Petitioner is white, as were the victims in this case, Mr. and Mrs. Fleming.

**4.** The petitioner's allegations and some court opinions seem to indicate that a jury challenge should be the norm in every case—as if "touching the bases." I draw no inference of inadequacy or inefficiency from an explained failure

## II.  EXCESSIVE SECURITY

■■ While "[t]he presumption of innocence is not specifically mentioned in the Constitution ..., it is recognized as a component of due process." *Kennedy v. Cardwell*, 487 F.2d 101, 104 n.4 (6th Cir. 1973), *cert. denied*, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). In implementing and overseeing security measures at trial,

a trial court finds itself obligated to simultaneously discharge clashing duties .... On the one hand, it [is] incumbent upon the court to strive to preserve impartiality and to avoid allowing anything to undermine the defendant's presumption of innocence. On the other hand, the trial court [is] charged with the duty to preserve the safety of counsel, jury, witnesses, spectators—in short, everyone inside the courtroom.

*United States v. Clardy*, 540 F.2d 439, 442–43 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976); *see Leyvas v. United States*, 264 F.2d 272, 277, *cert. denied*, 359 U.S. 936, 79 S.Ct. 651, 3 L.Ed.2d 637 (1959). In reviewing a state trial court's attempt to reconcile these two duties, this Court must consider whether the trial court "abused its discretion and deprived the [petitioner] of a fair trial." *Clardy*, 540 F.2d at 443.

In this case, petitioner was accused of two exceptionally brutal murders. Judge McMillan testified in petitioner's state habeas corpus hearing that threats had been made against the lives of petitioner and his coindictees. There was also evidence that some attempt might be made by friends or relatives of petitioner to kill certain state witnesses. Agents of the Georgia Bureau

to challenge. Indeed, there are times when a shrewd trial lawyer would prefer a venire or panel rife with imbalance. Desirable social objectives notwithstanding, the lawyer's first duty is to effectively represent his client. Trial tactics involve many a feint and ploy, but there are no magic words or formulae to win a case. Evidence is the strongest ally. This Court eschews a practice of automatic objections or challenges in every case in "check list" fashion.

of Investigation testified that they had been informed that petitioner's son and the son of codefendant Billy Gaddes were planning to help petitioner escape during his trial and would attempt to get a weapon into the courtroom in order to accomplish their goal. Agent testimony also indicated that petitioner was an extremely agile individual who was capable of leaping out of a building to secure his freedom.

Given these considerations, the Court finds that the security measures taken at petitioner's trial were justified by his dangerousness and potential for escape.[5] *See United States v. Henderson,* 472 F.2d 556, 557 (5th Cir.), *cert. denied,* 411 U.S. 971, 93 S.Ct. 2166, 36 L.Ed.2d 694 (1973). The Court also observes that the measures taken were necessary for petitioner's own protection. In making this determination, the Court adopts the state habeas corpus court's finding that although "several weapons were visible in the courtroom ... they were held at rest and not aimed or pointed directly at [p]etitioner." The Court also adopts the state finding that "several of the law enforcement personnel present in the courtroom, such as the G.B.I. and Federal Marshalls [sic], were dressed in civilian clothes with their weapons not being visible." Most significantly, the Court finds, as did the state courts, that petitioner was not shackled at any time while he was in the courtroom. *Birt v. Hopper,* 245 Ga. 221, 225, 265 S.E.2d 276, *cert. denied,* 449 U.S. 855, 101 S.Ct. 150, 66 L.Ed.2d 68 (1980). In addition, the Court finds that petitioner has failed to show that any jurors observed him in shackles while he was being brought into or taken from the courtroom. The Court finds the number of guards and the other attendant security measures, which were present both inside and outside the courtroom, were reasonable means of avoiding the "much more drastic and prejudicial step of shackling." *Kennedy v. Cardwell,* 487 F.2d 101, 109 (6th Cir. 1973), *cert. denied,* 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310

(1974). "[T]he use of guards for security purposes, when wisely employed, provides the best means for protecting a defendant's fair trial right ...." *Id.* at 108. In this case, to have done less "would have been to [have taken] unnecessary risks and to [have] endangered unduly spectators, those participating in the trial and the public generally." *United States v. Greenwell,* 418 F.2d 846, 847 (4th Cir. 1969). The trial court did not abuse its discretion so as to deprive petitioner of a fair trial. Petitioner's second contention is without merit.

## III. SUFFICIENCY OF THE EVIDENCE

Petitioner's final contention is that the state presented insufficient evidence to support his convictions. Specifically, petitioner argues that his conviction cannot rest solely on the uncorroborated testimony of his coconspirators. The merits of petitioner's allegation were thoroughly discussed in the context of Georgia state law by the Georgia Supreme Court on petitioner's direct appeal of his convictions. The Georgia Supreme Court's decision related to the corroboration of the testimony of Billy Wayne Davis, the prosecution's leading witness in this matter. The Georgia Supreme Court found that Davis' testimony was not uncorroborated. *Birt v. State,* 236 Ga. 815, 824–26, 225 S.E.2d 248, *cert. denied,* 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632 (1976). The Court also notes that the trial court gave an appropriate cautionary instruction regarding the jury's consideration of uncorroborated accomplice testimony which guided the jury's consideration of the testimony of all three of the coconspirators who testified against petitioner. *See Tillery v. United States,* 411 F.2d 644 (5th Cir. 1969). Without more, the Court cannot say that the jury's consideration of the testimony of petitioner's coconspirators violated petitioner's federally protected rights. *See United States v. Darland,* 626 F.2d 1235 (5th Cir.

---

5. Given the possibility that confederates of petitioner would attempt to smuggle a weapon into the courtroom to be used in an escape attempt, the Court specifically finds that it was

not unreasonable to search individuals entering the courtroom. *United States v. Heck,* 499 F.2d 778 (9th Cir.), *cert. denied,* 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974).

1980);  *United States v. Trevino*, 565 F.2d 1317 (5th Cir.), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978).

In order for petitioner to be entitled to federal habeas corpus relief on the basis of the sufficiency of the evidence presented at his trial, he must show that "upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). A review of the record in this case immediately rebuts any allegation that no rational trier of fact could have found proof of petitioner's guilt beyond a reasonable doubt. The admissible testimony of coconspirators Billy Wayne Davis, Carswell Tapley and George Leischer inextricably tied petitioner to the crimes in question. The jury's finding of guilt was also supported by portions of petitioner's own testimony and "by the testimony of the two men who identified Birt as being in a disabled Cadillac about 4:00 A.M. and twelve miles from Wrens, within a few hours of the murders and about 100 miles from Birt's home in Winder." *Birt v. State*, 236 Ga. 815, 825, 225 S.E.2d 248, *cert. denied*, 429 U.S. 1029, 97 S.Ct. 654, 50 L.Ed.2d 632 (1976). Petitioner's final contention is without merit.

### CONCLUSION

Since all of the claims raised by petitioner are without merit, the writ of habeas corpus is hereby DENIED.