A91A0886. IN THE INTEREST OF H. A. M., a child.
(410 SE2d 319)

BEASLEY, Judge.

An action was brought against defendant father seeking to terminate his parental rights to his minor child, H. A. M., whose mother defendant had killed. The original order terminating defendant's parental rights was entered on December 28, 1989. No notice of appeal was filed but defendant did file an amended petition for modification or vacation of the original order on January 26, 1990, without obtaining an extension of time under OCGA § 5-6-39. That motion was denied and overruled by an order filed on December 5, nearly 11 months later. Cf. OCGA § 15-6-21 (a) & (b). Defendant filed a notice of appeal on December 28, from the original order and from the order denying the motion to modify or vacate. Defendant's two enumerations of error actually address only the merits of the original order of 1989.

OCGA § 15-11-42, made applicable to termination proceedings by OCGA § 15-11-91, provides in subparagraphs (a) and (b) for the modification or vacation of a juvenile court order if: "1) It appears that it was obtained by fraud or mistake sufficient therefor in a civil action; 2) The court lacked jurisdiction over a necessary party or of the subject matter; . . . 3) newly discovered evidence so requires"; 4) changed circumstances so require in the best interests of the child (with certain exceptions).

A motion under OCGA § 15-11-42, which appellant's motion asserts to be in that it is bottomed on OCGA § 15-11-42 (a) (1) and (b), is not one of the three types of motions which will automatically extend the time for filing a notice of appeal on the underlying judgment. OCGA § 5-6-38 (a). It is instead similar to a motion to set aside under OCGA § 9-11-60 (d). The denial of a motion to set aside is appealable [now under the discretionary provisions of OCGA § 5-6-35 (a) (8)], but does not sustain an appeal from the underlying judgment. *Smith v. Wood*, 174 Ga. App. 799, 800 (2) (331 SE2d 636) (1985); *Clements v. Trust Co. Bank of Ga.*, 171 Ga. App. 600, 601 (4) (320 SE2d 576) (1984); *Dutton v. Dykes*, 159 Ga. App. 48, 49 (2) (283 SE2d 28)

(1981).

Assuming that appellant's motion is directly appealable rather than that it is embraced in OCGA § 5-6-35 (a) (8) so as to require an application, we may only consider the correctness of the order denying the motion to modify and vacate the underlying judgment, but not the merits of that judgment. Defendant does not enumerate the order as error. Nevertheless, there is nothing to indicate that the trial court erred in denying the motion. We have nothing further to review.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*William D. Edwards*, for appellant.

*Michael J. Bowers*, Attorney General, *Margot M. Cairnes*, Assistant Attorney General, *Daniel M. Mitchell, Jr.*, *Charles S. Wynn*, *Short & Fowler*, *James M. Bivins*, for appellee.

