S04A0083. STEWART v. MILLIKEN.
(593 SE2d 344)

HUNSTEIN, Justice.

In September 2001, the habeas corpus court found that Leonard Scott Milliken received ineffective assistance of appellate counsel at his trial and ordered that Milliken be given a new appeal. The State did not file an appeal from this ruling, see OCGA § 9-14-52 (c), nor did it file a cross appeal after we granted Milliken a certificate of probable cause to appeal in order to consider the propriety of the relief ordered by the habeas corpus court. See *Birt v. Hopper*, 245 Ga. 221 (265 SE2d 276) (1980). In *Milliken v. Stewart*, 276 Ga. 712 (583 SE2d 30) (2003), we reversed the habeas corpus court on the basis that the court erred by granting Milliken a second appeal when it should have granted Milliken a new trial. We remanded the case to the habeas corpus court to implement the correct remedy. Compare *Hughes v. Sikes*, 273 Ga. 804 (3) (546 SE2d 518) (2001) (remanding entire order). On remand in July 2003 the habeas corpus court ordered that Milliken be given a new trial. The State now appeals, contending in its enumerations that the habeas corpus court erred in various ways when it found Milliken received ineffective assistance of appellate counsel. However, the merits of the effectiveness of Milli-

ken's appellate counsel were reached and resolved in the habeas corpus court's final order of September 2001. The State's attempt to challenge those merits now is untimely. OCGA § 5-6-38 (a). Contrary to the State's argument, granting a new trial to an appellant does not upon remand of the case entitle the appellee to a new appeal in order to challenge issues that were conclusively resolved adversely to the appellee in the lower court's original order.[1]

Regarding the only ruling properly before us, the State does not enumerate any error as to the habeas corpus court's July 2003 order. Our review of that order revealing nothing to indicate error, see generally *In the Interest of H. A. M.*, 201 Ga. App. 49, 50 (410 SE2d 319) (1991), we affirm the habeas corpus court.

*Judgment affirmed. All the Justices concur, except Benham, Carley and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority summarily affirms the grant of habeas corpus relief in this case, concluding that the order of July 2003 is "the only ruling properly before us, [and Warden Stewart] does not enumerate any error as to . . . [that] order." Majority opinion, page 660. I submit that this holding violates the applicable statutory provisions which control the scope of our appellate jurisdiction.

The original order, which found certain grounds of Milliken's habeas petition to be meritorious and ordered a new appeal, was entered in September of 2001. Milliken appealed and, in *Milliken v. Stewart*, 276 Ga. 712 (583 SE2d 30) (2003), this Court reversed solely on procedural grounds and held that the proper habeas remedy is the grant of a new trial, rather than a new appeal. Accordingly, the case was remanded with direction that the habeas court enter a new order granting a new trial. In so doing, we expressly noted that "[t]hat order will be subject to appeal by [the Warden]. OCGA § 9-14-52 (c)." *Milliken v. Stewart*, supra at 714. In compliance with our direction,

---

[1] The State argues that it did not directly appeal from the habeas corpus court's ruling because it had no objection with the remedy originally granted by that court, i.e., a new appeal, and that it was only when Milliken's conviction was vacated and a new trial ordered by the court that it needed to assert its objections to the habeas corpus court's ruling on ineffective assistance of appellate counsel. The State's acquiescence in the original remedy fashioned by the habeas corpus court, however, does not excuse it from failing to file a timely appeal on the merits of issues the State would now contest. Furthermore, we note that the State knew that this Court was concerned with the remedy fashioned by the habeas corpus court when we granted Milliken's appeal; that Milliken was asserting on appeal that he should have received a new trial; and that vacation of Milliken's conviction would necessarily follow if (as indeed it did) this Court agreed with Milliken. The State's argument thus falters in light of its inexplicable failure to file a cross appeal challenging the merits of the habeas corpus court's ruling after Milliken's appeal was granted. See *Birts*, supra (declining to reach merits of State's arguments to merits of habeas corpus relief on basis that State did not file either a timely direct appeal or a timely cross appeal).

the habeas court entered the order of July 2003 granting Milliken a new trial. The Warden now appeals from that ruling pursuant to our holding that she could do so.

Although the majority asserts that the original order of September 2001, which contains the findings and conclusions upon which the habeas court based its grant of relief, is not properly before us, OCGA § 5-6-34 (d) provides that, in the context of a direct appeal, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court . . . ." "All judgments, rulings, or orders" is a comprehensive phrase. The habeas court's findings and conclusions "affect the proceedings below," because they are a necessary component of any habeas case. See *Hughes v. Sikes*, 273 Ga. 804, 805 (3) (546 SE2d 518) (2001); OCGA § 9-14-49. "Shall be reviewed and determined" are words of mandatory import. Thus, OCGA § 5-6-34 (d) compels this Court to address the merits of the Warden's attack on the order of September 2001.

The majority chooses simply to ignore OCGA § 5-6-34 (d). Apparently, it assumes that that statute is inapplicable here, because the stated reason for our remand was the implementation of the correct habeas remedy. While the remand was for that limited purpose, it does not affect the scope of our appellate jurisdiction over the present appeal. When considering direct appeals, this Court exercises plenary jurisdiction over cases, not piecemeal jurisdiction over isolated rulings in the proceedings below. *Milliken v. Stewart*, supra, did not affirm any ruling of the habeas court. Instead, we reversed the "judgment" and remanded "the case" for the entry of a new order. Regardless of the reason for that remand, the entirety of the case is once again before us, including the previously unaffirmed ruling of September 2001. That order is an indispensable element of the present appeal. *Hughes v. Sikes*, supra.

The fallacy in the majority's analysis becomes apparent once it is recognized that, on remand, the habeas court could have entered a new order which granted Milliken a new trial and restated the findings and conclusions upon which it relied for holding that he was entitled to habeas relief. Had such an order been entered, we unquestionably would have jurisdiction to consider the merits of the Warden's claim that the restated findings and conclusions are erroneous and that Milliken is not entitled to a new trial. The habeas court, however, apparently made the logical determination that the order entered on remand in July 2003 did not need to contain a restatement of its findings and conclusions, since the original ruling of September 2001 remained in effect insofar as it set forth the reasons for its holding. The procedurally correct ruling entered on remand

grants Milliken a new trial for the substantive reasons set forth in the original order entered in September 2001, which thus far have not been addressed on appeal. The remand order has now become the "final" judgment in this case. The Warden's appeal from that final order necessarily encompasses all earlier rulings entered in the action, including the order of September 2001. Accordingly, the majority's assertion that the Warden's appeal is untimely under OCGA § 5-6-38 (a) is clearly erroneous. She filed her appeal within 30 days of entry of the July 2003 order, and OCGA § 5-6-34 (d) mandates that we address the merits of her attack on the ruling of September 2001.

As evidenced by footnote 1, what motivates the majority is the Warden's failure to file either a direct appeal from the September 2001 order or a cross-appeal from Milliken's appeal of that order. Clearly, the interest of judicial economy may have been promoted had either of those routes been followed by the Warden. However, the majority can cite no authority which supports the proposition that a litigant's previous failure to follow an open avenue of appellate review is a valid ground for the appellate court to decline to exercise its jurisdiction over an otherwise valid current appeal. In fact, this Court has held otherwise. In *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242 (248 SE2d 641) (1978), we made it clear that a party could appeal the grant of summary judgment under OCGA § 9-11-56 (h) when it was entered or wait until the entry of the final judgment. Applying the majority's logic, a party must apply for an interlocutory appeal or run the risk of waiving the right to raise the issue in a subsequent appeal from the final judgment. Statutes, rather than the concept of judicial economy, control in matters of appellate jurisdiction. No portion of the September 2001 order has ever been affirmed, and the order of July 2003 has become the final ruling in this case. Because the Warden has filed a timely notice of appeal from that final order, OCGA § 5-6-34 (d) mandates that we "shall" address the merits of her attack on the order of September 2001. Compare *Birt v. Hopper*, 245 Ga. 221 (265 SE2d 276) (1980) (habeas respondent never filed a timely direct appeal or cross-appeal from the final order).

The effect of today's holding is to render meaningless this Court's express recognition of the Warden's right to bring this appeal pursuant to OCGA § 9-14-52 (c). Under the majority's reasoning, the Warden does not have a valid basis for appealing so long as the habeas court performed the administrative function of complying with our direction to enter a new order which granted Milliken a new trial, as a matter of procedural law. However, the merits of whether he is entitled to that relief, as a matter of substantive law, have never been addressed by this Court. OCGA § 9-14-52 (c) does not impose any limitation on those issues which can be raised on appeal. To the

contrary, it authorizes the Warden to appeal directly from the final ruling granting Milliken's petition. Had this Court not intended to recognize the Warden's right to enumerate error as to the findings and conclusions once the habeas court entered a procedurally correct order, then we would not have cited OCGA § 9-14-52 (c) as the authority for her to bring this appeal. Thus, by declining to address the Warden's enumerations of error as to the order of September 2001, a majority of this Court refuses to comply with the mandate of our express holding in *Milliken v. Stewart*, supra at 714. We should adhere to our express recognition of the Warden's right to bring this appeal, and consider, for the very first time, whether the habeas court correctly granted habeas corpus relief.

I am authorized to state that Justice Benham and Justice Hines join in this dissent.

DECIDED MARCH 1, 2004 —
RECONSIDERATION DENIED MARCH 19, 2004.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellant.
*Thomas M. West*, for appellee.