# Court of Appeals
# of the State of Georgia

ATLANTA,___August 09, 2013___

*The Court of Appeals hereby passes the following order:*

**A13A1871. VERA v. THE STATE.**

On February 16, 2004, Hector Vera pled guilty to, and was convicted of, family violence and three counts of second-degree cruelty to children. On January 29, 2013, Vera filed a motion to allow an out-of-time appeal, arguing that he had not been fully advised of his rights before entering the plea and noting that the "sole reason [he sought] an out-of-time appeal [was] the effect of the conviction on his immigration status." On March 28, 2013, the trial court entered an order granting the motion for an out-of-time appeal concluding that Vera "was not fully informed of his rights or the effect of his guilty plea." Vera then filed a notice of appeal.

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citation and punctuation omitted). "The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." *Glass v. State*, 248 Ga. App. 91, 92 (545 SE2d 360) (2001) (citations omitted). "The out-of-time appeal is granted where the deficiency involves not the trial [or guilty plea hearing,] but the denial of the right of appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) (citations and punctuation omitted). Thus, an out-of-time appeal may be granted where a defendant in a criminal case is not advised of his right of appeal or his counsel fails to appeal as directed. *Tyner v. State*, 289 Ga. 592, 593 (1) (714 SE2d 577) (2011); *Birt v. Hopper*, 245 Ga. 221, 221-222, fn. 1 (265 SE2d 276) (1980). However, "[w]hen the delay in attempting to appeal a conviction is attributable to the defendant's conduct either alone or in concert with his trial attorney, a trial court properly denies the

motion for an untimely appeal." *Butts v. State*, 244 Ga. App. 366, 367 (536 SE2d 154) (2000) (citation omitted).

In this case, Vera "has the burden of showing he is entitled to an out-of-time appeal [and h]e cannot meet that burden merely by showing that he was not informed of his 'rights' at the guilty plea hearing. [Rather, he] has to show that he actually had a right to file a timely direct appeal which was frustrated[.]" *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002). Vera made no such showing in his motion for an out-of-time appeal and the trial court made no such finding in its order granting the motion. Accordingly, the appeal is dismissed and the case is remanded to the trial court for a determination of who bore ultimate responsibility for the failure to file a timely appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/09/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*