# Court of Appeals
# of the State of Georgia

ATLANTA, September 26, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1241. WYNN v. THE STATE.**

Anthony Wynn was convicted of armed robbery and possession of a firearm during the commission of a crime. He filed a timely motion for new trial, which the trial court denied on June 18, 2012. On August 10, 2012, Wynn filed a document entitled, "Out of Time Notice of Appeal to Georgia Court of Appeals." That same day, the trial court entered an order that read in its entirety, "Having reviewed the within and foregoing out of time notice of appeal, it is hereby ordered, that filing of said notice is granted."

"An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal." *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003) (citation and punctuation omitted). "The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal." *Glass v. State*, 248 Ga. App. 91, 92 (545 SE2d 360) (2001) (citations omitted). "The out-of-time appeal is granted where the deficiency involves not the trial but the denial of the right of appeal." *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995) (citations and punctuation omitted). Thus, an out-of-time appeal may be granted where a defendant in a criminal case is not advised of his right of appeal or his counsel fails to appeal as directed. *Tyner v. State*, 289 Ga. 592, 593 (1) (714 SE2d 577) (2011); *Birt v. Hopper*, 245 Ga. 221, 221-222, fn. 1 (265 SE2d 276) (1980). However, "[w]hen the delay in attempting to appeal a conviction is attributable to the defendant's conduct either alone or in concert with his trial attorney, a trial court properly denies the motion for an untimely appeal." *Butts v. State*, 244 Ga. App. 366, 367 (536 SE2d 154) (2000) (citation omitted).

Wynn "has the burden of showing he is entitled to an out-of-time appeal." *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002). He made no such showing in his out-of-time notice of appeal, and the trial court made no such finding in its order. Accordingly, the appeal is dismissed and the case is remanded to the trial court for a determination of who bore ultimate responsibility for the failure to file a timely appeal.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 09/26/2013
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*