**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 25, 2024**

# In the Court of Appeals of Georgia

A24A0990. IN THE INTEREST OF M. R. S., A CHILD (MOTHER)

MERCIER, Chief Judge.

The mother of eight-year-old M. R. S. appeals from the juvenile court's order denying her motion to set aside the judgment terminating her parental rights. For reasons that follow, we affirm.[1]

The record shows that after the juvenile court issued its termination ruling, the mother's trial counsel filed a notice of appeal, but failed to comply with the discretionary appeal procedures required by OCGA § 5-6-35 (a) (12). Sometime later,

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of considering the case en banc.

the mother obtained new counsel, who recognized the error and filed three separate motions to try to save the mother's appeal efforts: a motion for out-of-time appeal; a motion to set aside the termination order based upon trial counsel's post-judgment mistake; and a motion for new trial. The juvenile court denied the motions in a single order, and the mother filed an application for discretionary review of that decision. Although we granted the mother's application, we ultimately remanded the case to the juvenile court with direction that it vacate the order denying the motions because when the court entered the order, the earlier-filed notice of appeal was still pending, depriving it of jurisdiction to act.

As instructed, the juvenile court vacated its order on remand. That same day, the mother withdrew her pending notice of appeal[2] and filed renewed motions for out-of-time appeal and to set aside the judgment. The juvenile court denied and/or dismissed the mother's motions, finding: (1) no grounds for setting aside the judgment based on mistake; (2) that it lacked authority under *Cook v. State*, 313 Ga. 471 (870

---

[2] An appeal based on the original notice of appeal was never docketed in this Court.

2

SE2d 758) (2022),[3] to grant an out-of-time appeal or leave to file an out-of-time discretionary application; and (3) that the previously submitted motion for new trial was not filed within 30 days of the termination order. We once again granted the mother's application for discretionary review, and this appeal followed.

On appeal, the mother raises two claims of error: (1) the trial court erred in denying her motion to set aside the termination order; and (2) the trial court erred in terminating her parental rights. Neither offers a basis for reversal.

1. (a) With respect to her first enumerated error, the mother argues that, given trial counsel's failure to follow the proper procedure for appealing the termination order, the juvenile court should have reset the appellate timeline by setting aside the order under OCGA § 15-11-32. We disagree.

Pursuant to OCGA § 15-11-32 (a), a juvenile court order "shall be set aside if: (1) [i]t appears that it was obtained by fraud or mistake sufficient therefor in a civil action; (2) [t]he court lacked jurisdiction over a necessary party or the subject matter; or (3) [n]ewly discovered evidence so requires." According to the mother, trial

---

[3] In *Cook*, the Supreme Court held "that the trial court out-of-time appeal procedure is not a legally cognizable vehicle for a convicted [criminal] defendant to seek relief for alleged constitutional violations." 313 Ga. at 472.

counsel made "a clear and unquestioned mistake" by filing a direct appeal from the termination order, depriving her of due process and bringing this case within OCGA § 15-11-32 (a) (1). The termination order, however, was not entered as a result of trial counsel's error. The mistake occurred *after* entry of the order and had no impact on the juvenile court's decision to terminate the mother's parental rights.

The mother has not cited any authority requiring a juvenile court to set aside a judgment based on an attorney's post-judgment appellate error. And she has pointed to no evidence that the termination order "*was obtained by . . .* mistake." OCGA § 15-11-32 (a) (1) (emphasis supplied). See also *Cheuvront v. Carter*, 263 Ga. App. 837, 838 (589 SE2d 609) (2003) (in analyzing whether a trial court properly set aside a judgment under OCGA § 9-11-60 (d) (2), "[t]he first question is *whether the judgment was based upon* fraud, accident, mistake, or the acts of the adverse party" ) (emphasis supplied); *In the Interest of H. A. M.*, 201 Ga. App. 49, 49 (410 SE2d 319) (1991) (applying the predecessor statute to OCGA § 15-11-32 and noting that a motion to set aside under the juvenile code is similar to a motion to set aside under OCGA § 9-11-60 (d)). Again, the "mistake" in this case occurred after the entry of judgment. The trial court, therefore, did not abuse its discretion in denying the motion to set aside. See

OCGA § 15-11-32 (a) (1); *In the Interest of A. M.*, 324 Ga. App. 512, 516-517 (4) (751 SE2d 144) (2013) (reviewing order denying motion to set aside for abuse of discretion); see also *Edge v. Edge*, 290 Ga. 551, 553 (2) (722 SE2d 749) (2012), disapproved of on other grounds by *Voyles v. Voyles*, 301 Ga. 44, 46-47 (799 SE2d 160) (2017) ("Husband cannot rely on the mistake of his own counsel as if his counsel were acting adversely to him, rather than as his representative before the court[,]" to set aside a judgment).

(b) While discussing this first claim of error, the mother asserts that, notwithstanding *Cook*, a juvenile court may grant a parent permission to file an out-of-time appeal/application for discretionary review in a termination case where ineffective assistance of counsel has frustrated the parent's appeal efforts. She does not, however, enumerate the denial of her motion for out-of-time appeal as error. Instead, she claims that "[t]he trial court erred in denying [her] motion to set aside an order terminating her right to parent her child when her appointed counsel was per se ineffective for filing the wrong method of appeal resulting in a denial of due process of law." By its very terms, this claim of error involves the denial of the mother's

5

motion to set aside the judgment, *not* the separately-filed motion for out-of-time appeal.

Both this Court and the Supreme Court have made clear that "an appealing party may not use [her] brief to expand [her] enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors." *Wallace v. State*, 303 Ga. 34, 37-38 (2) (810 SE2d 93) (2018) (citation and punctuation omitted). See also *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) ("The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors."); *Tyson v. Scottsdale Indem. Co.*, 343 Ga. App. 370, 371 n.1 (805 SE2d 138) (2017) ("[T]his Court has jurisdiction to decide only those issues fairly raised by an enumeration of error" and will not consider challenges to rulings "not mentioned in the enumeration of errors[.]") (citation and punctuation omitted). Although the dissent acknowledges this precedent, it nevertheless urges us to reach well beyond and expand the unambiguous language of the mother's claim of error to consider what it views as her "best and only viable argument." This we cannot — and should not — do.

Interpreting OCGA § 5-6-48 (f), our Supreme Court has explained that "*[i]f the enumeration of errors fails to enumerate clearly the errors sought to be reviewed,*" we must consider the appeal "where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what errors are sought to be asserted upon appeal." *Felix*, 271 Ga. at 538 (citation and punctuation omitted; emphasis supplied). But in this case, the claim of error is not ambiguous or unclear. The mother explicitly enumerated as error the denial of her motion to set aside the termination order. The enumeration does not, in any way, encompass the denial of her separately-filed motion for out-of-time appeal. Accordingly, we cannot consider whether the trial court erred in denying the motion for out-of-time appeal.[4]

2. The mother also challenges the merits of the termination order, arguing that the trial court erred in terminating her parental rights. In an appeal from the denial of

---

[4] We recognize that the mother's claim of error references trial counsel's alleged ineffective assistance and a resulting denial of due process. But even construed generously, these references cannot be viewed as a claim that the trial court erred in denying the mother's motion for out-of-time appeal. Rather, the enumerated error clearly states that the trial court erred in denying the mother's motion to set aside *when* trial counsel's ineffective assistance in following the wrong appeal method resulted in a denial of due process. This claimed error tracks the exact argument raised below in the motion to set aside: that the trial court should set aside the termination order because "[t]he erroneously filed notice of appeal by trial counsel is a denial of due process[.]"

a motion to set aside, however, "we may only consider the correctness of the order denying the motion to [set aside] the underlying judgment, but not the merits of that judgment[.]" *In the Interest of H. A. M.*, 201 Ga. App. at 49. We thus cannot address the mother's claim regarding the termination order. See id.

*Judgment affirmed. Rickman, J., concurs. McFadden, P. J., concurring in part and dissenting in part.*

A24A0990. IN THE INTEREST OF M. R. S., a child.

McFADDEN, Presiding Judge, concurring in part and dissenting in part.

I concur in Divisions 1 (a) and 2 of majority opinion. Like the majority, I find no merit in the mother's claim that the juvenile court erred in denying her motion to set aside, and I agree with the majority that the motion to set aside is not an appropriate vehicle for addressing the underlying merits of the termination ruling.

But I dissent to Division 1 (b). Contrary to the majority, I think we have an obligation to address the mother's claim that the juvenile court erred in denying her motion for an out-of-time appeal. I would find that the juvenile court erroneously denied the motion for lack of jurisdiction, and I would vacate that ruling and remand for the juvenile court to consider the motion on its merits.

1. *The mother has sufficiently identified the ruling on her motion for out-of-time appeal as a ruling on appeal in this case*

The Appellate Practice Act requires us to consider the merits of the mother's claim that the trial court erred in denying her motion for an out-of-time appeal.

> Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted on appeal, the appeal shall be considered in accordance

therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed. . . .

OCGA § 5-6-48 (f). That provision imposes on this court "a statutory duty to discern what errors an appellant is attempting to articulate." *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999).

More broadly, the Appellate Practice Act directs that all of its provisions "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article." OCGA § 5-6-30. Our Supreme Court has recognized that "[a] principal objective of the [Appellate Practice] Act was to 'get away from the harsh practice of treating every minor departure from prescribed procedures as a jurisdictional defect on the same level as a violation of the Bill of Rights.'" *Felix*, 271 Ga. at 535, quoting E. Freeman Leverett, '1966 Amendments to the Appellate Procedure Act of 1965,' 2 Ga. State Bar J., 433, 433 (1966).

Accordingly, our Supreme "Court has ruled that the [Act] authorizes practically unlimited looseness in an appellant's enumeration of errors. . . ." *Felix*, 271 Ga. at 538 (citation and punctuation omitted).

> [W]here the enumeration of errors filed in the appellate court identifies the trial court ruling asserted to be error, the error relied upon is sufficiently "set out separately" to require the appellate court to shoulder its constitutional responsibility to be a court of review (1983 Ga. Const., Art. VI, Sec. V, Par. III; Art. VI, Sec. VI, Par. II), and its statutory duty "to bring about a decision on the merits of every case appealed. . . ." OCGA § 5-6-30.

*Felix*, 271 Ga. at 539 (footnote omitted).

The Appellate Practice Act directs us to consider not only the text of the enumeration of errors but also the notice of appeal and the record. OCGA § 5-6-48 (f). Here the notice of appeal identifies the order on appeal by its date. The style of that order specifies that it denies three motions: the motion to set aside, the motion for new trial (which the mother does not pursue on appeal), and the motion for out-of-time appeal. The order goes on to devote nearly half of its text to its holding that dismissal of the motion for out-of-time appeal is mandated under *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022).

The mother enumerates two errors. First,

1. The trial court erred in denying a mother's motion to set aside an order terminating her right to parent her child when appointed counsel was per se ineffective for filing the wrong method of appeal resulting in a denial of due process of law.

The second enumeration addresses the merits of the termination order.

It is true, as the majority notes, that we may not review "a lower court's ruling if the ruling is not contained in the enumeration of errors." *Felix*, 271 Ga. at 539. The majority also correctly cites *Wallace v. State*, 303 Ga. 34, 37-38 (2) (810 SE2d 93) (2018) (brief may not expand an enumeration of errors to include a "ruling not mentioned in the enumeration of errors") (citation and punctuation omitted), and *Tyson v. Scottsdale Indem. Co.*, 343 Ga. App. 370, 371 n. 1 (805 SE2d 138) (2017) (Court of Appeals will not consider challenges to rulings not mentioned in the enumeration of errors).

For the majority, the denial of the mother's motion to set aside and of her motion for out-of-time appeal are entirely separate rulings. The majority notes that the mother's contention that trial counsel provided "ineffective assistance in following the wrong appeal method . . . tracks the exact argument raised below in the motion to

set aside[.]" So under those cases, the majority reasons, we are precluded from considering the denial of her motion for out-of-time appeal.

It's not that simple. Contrary to the majority, it is far from clear that those denials are entirely separate rulings. The applicable definition in Black's Law Dictionary is: "2. The outcome of a court's decision either on some point of law or on the case as a whole." RULING, Black's Law Dictionary (12th ed. 2024).

Here all three of the remedies invoked by trial counsel were alternative efforts to find some way, notwithstanding *Cook*, to vindicate the Constitutional rights imperiled by trial counsel's mistake. And all three were denied in a single order that disposed of the case as a whole.

It follows that the enumeration is ambiguous and must be liberally construed. OCGA § 5-6-30. So I turn to context.

The enumeration of errors is immediately preceded by a section entitled "Specification of Orders and Judgments Being Appealed." That section would suffice as an enumeration of errors. See OCGA § 5-6-51 ("The following suggested forms are declared to be sufficient, but any other form substantially complying therewith shall also be sufficient[.]").  The first specification says:

> 1. Order denying Mother's motion to set aside, motion for new trial, and *motion for out of time appeal* filed September 19 and October 2, 2023.

(Emphasis supplied.) The second specifies the termination order.

Of course, as noted above, a brief cannot expand an enumeration of errors. *Wallace*, 303 Ga. at 37-38 (2). And it is true that the appellant's brief is not among the items OCGA § 5-6-48 (c) requires us to consider. That omission makes sense. *Requiring* us to consider the appellant's brief would go a long way toward defeating the purpose of an enumeration of errors. But neither does the Appellate Practice Act *prohibit* us from considering it in an appropriate case. On the contrary, the Act "shall be liberally construed. . . ." OCGA § 5-6-30.

This is an appropriate case. Here the brief as a whole — particularly the Specification of Orders and Judgments Being Appealed, which appears alongside the Enumeration of Errors — provides context to the Enumeration. It is clear from the brief, and unmistakable when the first enumeration is read alongside the first specification, that the omission to explicitly list the motion for out-of-time appeal in the enumeration was simply an oversight.

Notwithstanding that oversight, the materials before us are not muddled or confusing. The mother's brief is well written. When her enumeration of errors is read together with the notice of appeal and the record, particularly the order appealed from — as subsection (f) requires — it is clear that her first enumeration encompasses the dismissal of her the motion for out-of-time appeal. We may not seize on trial counsel's oversight as justification for ignoring the mother's best and only viable argument.

The Appellate Practice Act, particularly "OCGA § 5-6-30[,] puts a legislative thumb on the scale in favor of reaching the merits. . . ." *Premier Pediatric Providers v. Kennesaw Pediatrics*, 318 Ga. 350, 359 (3) (898 SE2d 481) (2024). So we must "shoulder [our] constitutional responsibility" and our "statutory duty" and decide the issue. See *Felix*, 271 Ga. at 539.

2. *The juvenile court erred in denying the motion for out-of-time appeal on jurisdictional grounds*

The juvenile court denied the mother's motion for out-of-time appeal on the ground that he lacked jurisdiction because, under *Cook v. State*, supra, 313 Ga. 471, out-of-time appeals are no longer permitted. The question whether motions for out-of-time appeal remain available in termination-of-parental-rights cases after *Cook* arose in a case before us last year. *Interest of J. L. O.*, 366 Ga. App. 452 (883 SE2d 386)

7

(2023). We determined that we did not need to decide that day whether we remained bound to follow *In the Interest of B. R. F.*, 299 Ga. 294, 296 (788 SE2d 416) (2016), in which our Supreme Court recognized a right to out-of-time appeals in termination-of-parental-rights cases, or were now bound under *Cook* to disregard *B. R. F. Interest of J. L. O.*, supra at 453. But that question is squarely before us today.

How those two case are to be reconciled is a hard question. As reflected in its summary paragraphs, which are set out in the margin, *Cook*'s analysis turned on the availability of relief under the Habeas Corpus Act of 1967, now codified at OCGA § 9-14-40 et seq., which provides a post-conviction procedure by which criminal defendants can raise constitutional claims.[1]

---

[1]

In sum: even though the General Assembly statutorily established habeas corpus as the exclusive procedure for vindicating a convicted defendant's constitutional rights, including the deprivation of the right to appeal, and established the contours of the procedure to see such relief, this Court allowed and then expressly endorsed a procedure parallel to, but distinct from, habeas corpus for convicted defendants to seek vindication of alleged constitutional violations that frustrated their right to appeal. And allowing convicted defendants to do so in turn allowed them to circumvent the requirements and restrictions imposed by the Habeas Corpus Act.

Our error was significant. By judicially creating this trial court out-of-time-appeal procedure — a procedure that is neither authorized by

It is not clear whether there exists an analogous procedure by which parents whose parental rights have been terminated may raise the claim that they were denied effective assistance of counsel in pursuing an appeal. The Habeas Corpus Act of 1967, which *Cook* found to be dispositive, does not apply to terminations of parental rights. See OCGA § 9-14-41 ("this article provides the exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record"). Other sections of our Code provide, in some instances, for a person with a custodial interest in an illegally detained child to seek a writ of habeas corpus. See OCGA §§ 9-14-1 (b), 9-14-2. But I am not aware of any decision holding that those Code sections provide a vehicle by which parents whose rights have been terminated may raise constitutional challenges to the termination order.

Moreover, as *Cook* made clear, use of out-of-time appeals as a vehicle for pursuing constitutional claims in criminal cases developed over the course of several decades. See *Cook*, 313 Ga. at 475-484 (2). The availability of a similar vehicle in

our common law nor established by statute — this Court acted not as a body of judges, but as a body of lawmakers.

*Cook v. State*, 313 Ga. 471, 479 (2) (a) (870 SE2d 758) (2022) (footnote omitted).

9

termination-of-parental-rights cases has a different and much more recent provenance. See *In the Interest of B. R. F.*, 299 Ga. at 299-300. The continued viability of *B. R. F.*'s holding on a parent's right to out-of-time appellate review would require a different stare decisis analysis than that in *Cook*.

But that hard question is not ours to answer. Our Supreme Court has held that an out-of-time appeal is an available remedy in termination cases, *In the Interest of B. R. F.*, 299 Ga. at 299-300, and it has not overturned that case. Until and unless it does, this court and the trial courts remain bound to follow *B. R. F.* See Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("The decisions of the Supreme Court shall bind all other courts as precedents.").

So I would vacate the juvenile court's ruling on the motion for out-of-time appeal and remand the case for that court to address the motion's merits in the first instance. See *In the Interest of B. R. F.*, 299 Ga. at 298.

Given *B. F. R.*'s requirement that the trial court first address the mother's argument for an out-of-time appeal, I have not formed an opinion about the termination order. But I have reviewed it and am prepared to say this much. When an appellant's failure to invoke our jurisdiction or preserve an issue prevents us from reaching the merits of an appeal, we often have the consolation that it was clearly

meritless anyway. About this termination of parental rights, we do not have that consolation.