OPINION *Page 2 
{¶ 1} Defendant-appellant Michael McGorty appeals the June 26, 2007 Judgment Entry of the Stark County Court of Common Pleas overruling his motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In November, 2006, the Stark County Metro Narcotics Task Force received information from an anonymous, "cooperating" informant stating several individuals in the Louisville and Minerva, Ohio areas were cultivating marijuana. The informant stated he had helped in the marijuana cultivation. Officer Chad Guist of the Metro Unit interviewed the informant. During the interview, the informant stated Appellant was one of the cultivators. The informant then showed Officer Guist the location of the residences in which the marijuana was being cultivated. One of the residences was located at 5016 Louisville Street, Louisville, Ohio. Officer Guist later discovered Appellant owned the residence. Officer Guist also did a LEADS search on two vehicles parked outside of the residence, and learned the vehicles were registered to Appellant. The informant told Officer Guist Appellant worked at Shafer Roofing on Meade Street in Louisville.
 {¶ 3} In January, 2007, the Cleveland headquarters of the FBI received an unsigned, typed letter postmarked from Fort Worth, Texas. The letter personally named several persons alleged to be involved in cultivating marijuana in the area. Appellant was listed as one of those persons.
 {¶ 4} In March, 2007, the Task Force received a telephone call from a third person, corroborating the informant's statement. The caller stated he had performed *Page 3 
construction work at Appellant's residence over the summer of 2006, and had smelled marijuana and personally saw marijuana plants growing inside the residence.
 {¶ 5} The Metro Task Force continued to investigate the residence, performing surveillance on Appellant. Officer Guist contacted L M Refuse to conduct a "trash pull" at Appellant's residence. On March 7, 2007, Officer Guist met with the sanitation workers and made arrangements to ride in the sanitation truck to pick up the trash at Appellant's home. An L M Refuse barrel was located on Appellant's property on the outside of a detached garage by the northeast corner and was accessible from the street. The sanitation workers took the refuse barrel down to the sanitation truck, and removed the trash bags from the barrel. The workers placed the bags in the truck. At an arranged spot, Officer Guist removed the trash bags from the truck. Inside the bags, Officer Guist found stems which field tested positive for marijuana.
 {¶ 6} On March 8, 2007, Officer Guist examined records from American Electric Power on the electricity usage at Appellant's home. The records showed an average electric usage until February, 2007. The electricity used in February at the residence was four times higher than the preceding month.
 {¶ 7} Officer Guist prepared an affidavit stating his suspicion Appellant was cultivating marijuana in his residence. The affidavit was submitted with a request for a search warrant to the trial court. Judge John Haas found probable cause to issue the warrant.
 {¶ 8} On March 9, 2007, the Task Force executed the search warrant, finding marijuana plants and other indices of marijuana cultivation. *Page 4 
 {¶ 9} Appellant was charged with illegal cultivation of marijuana. Appellant filed a motion to suppress the evidence obtained pursuant to the search warrant. The trial court denied the motion to suppress. Appellant subsequently entered a plea of no contest to the charges and was sentenced.
 {¶ 10} Appellant now appeals, assigning as error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE OBTAINED PURSUANT TO A SEARCH WARRANT UNSUPPORTED BY PROBABLE CAUSE AND/OR WHICH CONTAINED FALSE, MISLEADING AND DECEPTIVE INFORMATION IN ITS AFFIDAVIT."
 {¶ 12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial *Page 5 
court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysinger, supra. As the United States Supreme Court held inOrnelas v. U.S., (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 13} Appellant argues the trial court should have granted his motion to suppress the evidence obtained upon execution of the search warrant, because the search warrant was not supported by probable cause and contained false and misleading information.
 {¶ 14} When a search is conducted pursuant to a warrant, the reviewing court is to determine whether the evidence presented in an affidavit as a whole provided a substantial basis for the judge to believe there was a fair probability contraband would be found in the defendant's home.State v. Myers (2001), 143 Ohio App.3d 342.
 {¶ 15} Initially, Appellant argues the anonymous, confidential informants were not reliable and their information was not corroborated by the police in order to support the issuance of the search warrant. Appellant argues the affidavit submitted to Judge Haas requesting a search warrant does not attest to the informants' reliability in any manner, nor does it disclose their identity.
 {¶ 16} We agree with Appellant the anonymous confidential informants' statements require stringent scrutiny and independent corroboration. We find the various informants' statements were corroborated when marijuana residue (stems) were *Page 6 
found in Appellant's trash. With such corroboration, we find the search warrant was legally supported with probable cause.
 {¶ 17} As noted in the statement of the facts and case, supra, Appellant put his trash outside his residence, near an unattached garage. The trash was placed inside barrels provided by L M Refuse, and removed from the home, outside the physical structures of the residence. As noted, the search of the trash barrels produced marijuana stems and residue.
 {¶ 18} In California v. Greenwood (1988), 486 U.S. 35, the United States Supreme Court held:
 {¶ 19} "The warrantless search and seizure of the garbage bags left at the curb outside the Greenwood house would violate the Fourth Amendment only if respondents manifested a subjective expectation of privacy in their garbage that society accepts as objectively reasonable.* * *
 {¶ 20} "It may well be that respondents did not expect that the contents of their garbage bags would become known to the police or other members of the public. An expectation of privacy does not give rise to Fourth Amendment protection, however, unless society is prepared to accept that expectation as objectively reasonable.
 {¶ 21} "Here, we conclude that respondents exposed their garbage to the public sufficiently to defeat their claim to Fourth Amendment protection.
 {¶ 22} * * *
 {¶ 23} "Accordingly, having deposited their garbage "in an area particularly suited for public inspection and, in a manner of speaking, public consumption, for the express purpose of having strangers take it," United States v. Reicherter, 647 F.2d 397, 399 *Page 7 
(CA3 1981), respondents could have had no reasonable expectation of privacy in the inculpatory items that they discarded."
 {¶ 24} Based upon the above, we find Appellant sufficiently exposed his trash to the public, and there was not an objectively reasonable expectation of privacy. Appellant placed his garbage in a barrel owned by L M Refuse, and placed the barrel outside his detached garage. The trash collectors collected the garbage from the outside of the residence, which was readily accessible from the street and exposed to the public.
 {¶ 25} Appellant's assignment of error is overruled.
 {¶ 26} The June 26, 2007 Judgment Entry of the Stark County Court of Common
Pleas overruling Appellant's motion to suppress the evidence is affirmed.
 By: Hoffman, P.J., Wise, J. concurs, Delaney, J. dissents *Page 8