[Cite as *State v. Keefer*, 2019-Ohio-2419.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA2 |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| CHRISTOPHER KEEFER, | : | |
| | : | |
| Defendant-Appellee. | : | **Released:  06/13/19** |

_____

APPEARANCES:

Benjamin E. Fickel, Hocking County Prosecutor, Logan, Ohio, for Appellant.

Timothy P. Gleeson, Logan, Ohio, for Appellee.
_____

McFarland, J.

{¶1} This is an appeal from a Hocking County Court of Common Pleas judgment entry granting Christopher Keefer's motion to suppress evidence obtained from a search warrant.  Pursuant to the evidence discovered from the search warrant, the State charged Appellee with seven drug-related offenses.  The State appeals the trial court's judgment that granted Appellee's motion to suppress contending that 1) the trial court erred when it found the affidavit for the search warrant did not sufficiently support a finding of probable cause, and (2) the trial court erred when it found that

the good-faith exception to the exclusionary rule did not apply to prevent exclusion of the evidence recovered pursuant to the search warrant. Because we sustain the State's second assignment of error, we reverse the judgment of the trial court and remand the cause for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

{¶2} On March 28, 2017, Detective Dustin Robison, seeking a search warrant, filed an affidavit alleging that he had good cause to believe numerous drug-related offenses were occurring at 18692 Laurel Run Road in Nelsonville, Ohio. The following is a summary of the averments made in Robison's affidavit:

1. Robison was a detective with the Hocking County Sheriff's Office with fifteen years of experience and eight years of narcotics experience, which familiarized him with the methods used by drug traffickers.

2. On July 27, 2016, law enforcement received an anonymous tip that drug trafficking was occurring at 18692 Laurel Run Road, Nelsonville, Ohio 45764.

3. On August 8, 2016, the Hocking County Sheriff's Office executed, and attempted to serve, an arrest warrant on Appellee at the Laurel

Run Road address, but Jessica Gilmore, Appellee's girlfriend, said that she had not seen Appellee for some time and did not know where he was. Upon executing a consent search of the premises, officers found $2,080.00 and three firearms. Gilmore stated that the money was from illicit drug sales. The money and firearms were confiscated.

4. On March 25, 2017, a "reliable confidential informant" told detective Downs that Appellee and Randy Loring were going to drive to Columbus in a white Chevy Malibu to buy drugs to bring back to Keefer's residence, which he shares with Robin Zuransky, Denver Hutchinson, and Jessica Gilmore.

5. Detectives unsuccessfully attempted to intercept Appellee and Loring upon their return.

6. The informant stated that Hutchinson, Zuransky, and Appellee all had outstanding warrants in other counties. Detective Downs verified that the named individuals in fact did have outstanding warrants, including Appellee for drug trafficking in Franklin County.

7. On March 27, 2017, the informant contacted the affiant and stated that Appellee was again going to Columbus in the White Malibu to purchase drugs, but officials decided not to act at that time.

8.  On March 28, 2017, the informant stated that Appellee, Gilmore, Zuransky and Hutchinson were at the residence along with drugs, money, and firearms.

9.  The informant asserted that on March 28, 2017 Keefer was shooting guns.

{¶3} Pursuant to the affidavit, a municipal judge signed the warrant. In executing the warrant, the State alleges that law enforcement officers recovered 60 grams of heroin, 10 grams of cocaine, 32 grams of methamphetamines, 2 firearms, 2 cell phones, and $3,000.00 at the Laurel Run Road address.

{¶4} On May 4, 2018, the State charged Appellee with possession of heroin in violation of R.C. 2925.11(A)(C)(6)(E), trafficking in heroine in violation of R.C. 2925.03(A)(1)(C)(6)(F), possession of cocaine in violation of  R.C. 2925.11(A)(C)(4)(B), trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(C), two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1)(D), and having weapons while under a disability in violation of R.C. 2923.13(A)(2), all with forfeiture specifications in violation of R.C. 2941.1417.

{¶5} On October 2, 2018, Appellee filed a motion to suppress the evidence obtained pursuant to a March 28, 2017 search warrant because it

was defective and the evidence recovered from the warrant should be suppressed.  The State filed a motion in opposition.

{¶6} In a January 2, 2019 judgment entry, the trial court addressed whether Detective Robison's affidavit provided sufficient probable cause to support the search warrant that had been issued.  Generally, the trial court determined the overall reliability of the confidential information, as well as his or her assertions in paragraphs 5, 6, 7, 8, 9, and 10 of the affidavit were not sufficiently corroborated, and the information regarding the issuance and execution of the arrest warrant for Appellee made in paragraphs 3 and 4 was stale.

{¶7} The court determined that "[t]he information in paragraphs 3 and 4, while stale, does provide some corroboration as to the CI's tip.  Some further corroboration is provided in paragraph 4 as to a relationship between [Appellee] and Ms. Gilmore."  But, ultimately, the court concluded that it was not enough, under the totality of the circumstances, to find that there was probable cause to support the warrant.

{¶8} The court then set a hearing to determine if the evidence should be suppressed under the good-faith exception to the exclusionary rule.  The court indicated that this judgment was not a final order.

{¶9} At that hearing, on direct examination, Detective Robison testified that he had been employed with the Hocking County Sheriff's Office for 19 years. He testified that he received peace officer training, a college education, as well as ongoing police training. Detective Robison testified that he was part of the Sheriff's interdiction unit for narcotics and was investigating Appellee and others. He testified that he "worked on well over a hundred [search warrants]."

{¶10} Detective Robison testified that met with the Hocking County Prosecutor and obtained a search warrant pertaining to Appellee at the Laurel Run Road address. Detective Robison testified that both the prosecutor and the judge reviewed the warrant and that the warrant was signed by Judge Moses from the Municipal Court.

{¶11} On cross examination, after Detective Robison told Appellee's counsel that there was no record regarding his application for the warrant, Appellee's counsel did not cross examine Detective Robison, asserting that review of the warrant was limited to the four corners of the affidavit.

{¶12} On February 13, 2019, the trial court issued a final judgment entry recognizing its prior ruling that the search warrant was not supported by probable cause, but the majority of the decision addressed the good-faith exception to the exclusionary rule.

{¶13} The court found its review of the Good Faith Exception was limited to the four corners of the affidavit, citing *State v. Klosterman*, 114 Ohio App.3d 327, 332, 683 N.E.2d 100 (2nd Dist.1992).  The court stated "that the defects in warrant are such that there was very little information as to the reliability of the informant and that some of the information relied on was stale," with the lack of information regarding the reliability of the informant being the more serious defect.  Therefore, the court found "that a well-trained deputy would have known that the information in the affidavit did not establish probable cause because it did not contain information which would allow the issuing judge to find that the informant was reliable." Consequently, the trial court held that the Good Faith Exception to the Exclusionary Rule did not apply and granted Appellee's motion to suppress the evidence discovered pursuant to the search warrant.

{¶14} It is from this judgment that the State appeals, asserting two assignments of error.

ASSIGNMENTS OF ERROR

I.  THE TRIAL COURT ERRED WHEN IT FOUND THAT THE AFFIDAVIT FOR THE SEARCH WARRANT DID NOT SUFFICIENTLY SUPPORT A FINDING OF PROBABLE CAUSE.

II. THE TRIAL COURT ERRED WHEN IT FOUND THAT THE GOOD FAITH EXCEPTION TO THE EXCLUSIONARY RULE DID NOT APPLY TO THE SEARCH WARRANT.

{¶15} The State argues that the trial court erred when it found that the affidavit did not support probable cause so as to justify the search warrant. Specifically, the State argues that the informant's personal observation demonstrates the basis of his knowledge (i.e. the informant gave names, addresses, and the type of car that Appellee drove), and that detailed information, along with verifiable information, offered an "indicia or reliability" regarding the informant's knowledge. Therefore, the State asserts that there were sufficient facts discernable from the affidavit to find that there was probable cause to hold that the search warrant was valid.

{¶16} Alternatively, the State argues that even if there was insufficient probable cause to justify the search warrant, the evidence should not be excluded under the Good Faith Exception to the Exclusionary Rule, in pertinent part, because the affidavit was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and the warrant was approved by a neutral and detached magistrate.

{¶17} Appellee acknowledges hearsay may support probable cause so as to justify the issuance of a search warrant. However, Appellee argues that the informant's assertions in this case are nothing more than uncorroborated hearsay. Therefore, Appellee argues that the affidavit lacked probable cause

and the evidence recovered from the search warrant should be excluded from consideration under the exclusionary rule.

{¶18} Appellee also argues that the Good Faith exception to the Exclusionary Rule is not applicable. Appellee echoes the trial court's conclusion that a reasonably well-trained deputy would not have been in a position to have formed an objectively reasonable belief that the affidavit established probable cause.

LEGAL ANALYSIS

1. Standard of Review

{¶19} The standard of review of a decision addressing a motion to suppress presents a mixed question of law and fact. *State v. Ralston*, 4th Dist. Highland No. 16CA9, 2017-Ohio-7057, ¶ 6. On review, we must accept the trial court's determination of factual issues and evaluation of credibility of witnesses if supported by competent, credible evidence. *Id*. However, accepting those facts as true, we have a duty to conduct a de novo review of "whether the facts satisfy the applicable legal standard." *Id*., citing *State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, 975 N.E.2d 965, ¶ 8, *see also State v. Klosterman*, 114 Ohio App.3d 327, 333, 683 N.E.2d 100, 104 (2nd Dist.1996).

{¶20} "In reviewing the sufficiency of probable cause in an affidavit, neither a trial court nor an appellate court should " 'substitute [its] judgment for that of the issuing magistrate by conducting a de novo determination.' " *State v. Landis*, 12th Dist. Butler No. CA2005-10-428, 2006-Ohio-3538, ¶ 15, quoting *State v. George* 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989). And " '[a]lthough in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' " *State v. Baker*, 4th Dist. Washington No. 16CA30, 2018-Ohio-762, ¶ 10, quoting *United States v. Ventresca*, 380 U.S. 102, 108, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

## 2. The Fourth Amendment

{¶21} " 'The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures.' " *State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781, ¶ 31, quoting *State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 15. "The constitutional provisions contain nearly identical language and have been interpreted to afford the same protection."

*Id*., citing *State v. Hoffman,* 141Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993 N.E.3d 993, ¶ 11.

### 3. Search Warrants and Probable Cause

**{¶22}** To conduct a lawful search both constitutions require officers to secure a warrant supported by probable cause supported by an oath or affirmation. *State v. Wilmoth*, 22 Ohio St.3d 251, 261, 490 N.E.2d 1236 (1986)*, see also* Crim R. 41(C) ("A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant.")  "A neutral and detached magistrate or other person authorized under Crim.R. 4(A)(1) must make a probable-cause determination before an arrest warrant can be issued." *State v. Hoffman*, 141 Ohio St.3d 428, 2014-Ohio-4795, 25 N.E.3d 993. ¶ 14.

**{¶23}** "[P]robable cause deals 'with probabilities – the factual and practical nontechnical considerations of everyday life on which reasonable and prudent men act – and is a fluid concept, to be based on the totality of the circumstances, and not reduced to a neat set of legal rules.' " *State v. Richards*, 4th Dist. Athens No. 14CA1, 2015-Ohio-669, ¶ 27, quoting *State v. Ingram,* 20 Ohio App.3d 55, 61, 484 N.E.2d 227, 230 (1984), citing *Illinois v. Gates,* 462 U.S. 213, 232-33, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  In determining probable cause, "[a] magistrate must make a

practical determination, upon all circumstances set forth in the warrant, whether there is a fair probability that evidence of a crime will be found in a particular place." *State v. Ralston*, 4th Dist. Highland No. 16CA9, 2017-Ohio-7057, ¶ 11, citing *State v. Vaughters*, 4th Dist. Scioto No. 2086, 1993 WL 63464, (Mar. 2, 1993). Probable cause requires only a showing that a probability of criminal activity exists – not a prima facie showing of criminal activity. *State v. Underwood*, 4th Dist. Scioto No. 03CA2930, 2005-Ohio-2309, ¶ 16, citing *George,* 45 Ohio St.3d at 329, 544 N.E.2d 640 (1989).

{¶24} "The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Crim. R. 41(C). However, the magistrate's finding of probable cause " 'cannot be a mere ratification of the bare conclusions of others.' " *United States v. Leon*, 468 U.S. 897, 915, 104 S.Ct. 3405, 3416, 82 L.Ed.2d 677 (1984), citing *Illinois v. Gates*, 462 U.S. 213, 237, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), *see also Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 92 L.Ed. 436 (1948) (magistrates must determine probable cause for themselves; they cannot rely on the conclusions of the police). "[A]nonymous confidential informants' statements require stringent scrutiny and independent corroboration." *State*

*v. McGorty*, 5th Dist. Stark No. 2007CA00257, 2008-Ohio-2643, ¶ 16, *see also Weisner,* 87 Ohio St.3d at 300, 720 N.E.2d 507 (Anonymous informants are generally treated as unreliable, and police must corroborate their tips with independent police work.). An assertion by an affiant that his or her informant was reliable alone is not enough to support a finding of probable cause. *State v. Gill*, 49 Ohio St.3d 177, 360 N.E.2d 693 (1977). But an anonymous tip, when corroborated by independent police work, may have sufficient indicia of reliability to provide reasonable suspicion. *State v. Koueviakoe*, 5th Dist. Gallia No. 04CA11, 2005-Ohio-852, ¶ 20, *see also Alabama v. White*, 496 U.S. 325, 332, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990).

4. The Exclusionary Rule and the Good Faith Exception

**{¶25}** "When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *State v. Johnson*, 48 Ohio App.3d 256, 259, 549 N.E.2d 550 (1988), citing *Illinois v. Krull*, 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987), *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914), *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

**{¶26}** However, the exclusionary rule does not "bar evidence obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate, even though the warrant was ultimately found to be unsupported by probable cause." *State v. Owens*, 3rd Dist. Marion No. 9-16-40, 2017-Ohio-2590, 90 N.E.3d 189, ¶ 20-21, citing *State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989), *United States v. Leon*, 468 U.S. 897, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. * * * Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force." *United States v. Leon*, 468 U.S. 897, 919, 104 S.Ct. 3405, 3418-3419, 82 L.Ed.2d 677 (1984), quoting *Michigan v. Tucker*, 417 U.S. 433, 447, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182 (1974).

**{¶27}** Nevertheless, under the good-faith exception to the exclusionary rule, suppression remains an appropriate remedy in four circumstances: (1) the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, (2) the issuing magistrate wholly abandoned

his judicial role, (3) an officer purports to rely upon a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," or (4) the warrant may be so facially deficient that the executing officers cannot reasonably presume it to be valid. *Id*.

### 5. Evaluating the Good Faith Exception to the Exclusionary Rule: Beyond the "Four Corners" of the Affidavit

{**¶28**} The trial court held that in determining whether the good faith exception to the exclusionary rule should apply, a reviewing court is limited reviewing the four corners of the affidavit.

{**¶29**} The law is unsettled as to whether a reviewing court may look beyond the four corners of the affidavit in determining whether the good faith exception to the exclusionary rule applies.  It does not appear that the Supreme Court of Ohio, nor this court, have addressed the issue, but other courts have. *See e.g. State v. Berry*, 5th Dist. Delaware No. 2006CA0600035, 2007-Ohio-4122, ¶ 43 (court may look beyond affidavit), *State v. Mays*, 2nd Dist. Montgomery No. 23986, 2011-Ohio-2684, ¶ 31 (court may look beyond affidavit), *State v. Landis*, 12th Dist. Butler No. CA2005-10-428, 2006-Ohio-3538, ¶ 21 (court may look beyond affidavit), *but see State v. Klosterman*, 114 Ohio App.3d 327, 333 (court may not look

beyond the affidavit), *State v. Dibble*, 2017-Ohio-9321, ¶¶ 27-30, 92 N.E.3d
893 (court may not look beyond the affidavit)[1].

{¶30} We are in agreement with the appellate districts that permit trial
courts to look beyond the affidavit to determine the Good Faith Exception.
In particular, we agree that permitting a court to look beyond the affidavit to
determine whether the good faith exception applies " 'is consistent with the
statement in *Leon* that 'all of the circumstances' may be considered in
determining whether a reasonably well-trained police officer would have
known that the search was illegal despite the magistrate's authorization."
*Berry* at ¶ 43.

### 6. The Trial Court Erred in Rejecting the Good Faith Exception to the Exclusionary Rule

{¶31} The trial court held that the search warrant was not supported
by sufficient probable cause from the affidavit.  We agree.

{¶32} Detective Robison averred in the affidavit in support of the
search warrant that the confidential informant was "reliable."  However,
there was nothing alleged in that affidavit that corroborated the informant's

---

[1] *Dibble* is currently on appeal in the Supreme Court of Ohio on the issue of "whether the good-faith exception to the exclusionary rule applies to a search conducted under a search warrant, a court can consider sworn but unrecorded oral information that the police gave to the judge at the time of the approval of the warrant."  *State v. Dibble*, 2018-552.
http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2018/552

general reliability, such as history of successfully working law enforcement. *See e.g. State v. Beauford*, 9th Dist. Summit No. 25767, 2011-Ohio-5628, ¶ 15 (affiant and another officer had averred as to the confidential informant's reliability based on previous information the informant had provided regarding specific drug possession and trafficking issues within the affiant's investigative jurisdiction).

**{¶33}** Moreover, many of the informant's specific assertions appear to be nothing more than uncorroborated hearsay. Twice the informant told law enforcement that Appellee was travelling to Columbus to buy illegal drugs. On the first trip deputies tried, unsuccessfully, to intercept Appellee upon his return trip. The second time deputies decided not to attempt to intercept him. Similarly, the averment that the informant asserted that Appellee, Gilmore, Zuransky, and Hutchinson were at Appellee's residence with illegal drugs and firearms on March 28, 2017 was also uncorroborated.

**{¶34}** However, we find that some of Detective Robison averments do provide information that corroborates the informant's tip. For example, his averment that in July 2016 law enforcement officials received an anonymous tip that drug trafficking was occurring at the 18692 Laurel Run Road address, and subsequently the Sheriff's Office executed an warrant in August 2016 to arrest Appellee on drug charges. Detective Robison further

averred that although Appellee was not at his Laurel Run Road residence at the time the arrest warrant was executed, his girlfriend, Jessica Gilmore, was present and $2,080.00 and firearms were discovered. And, Gilmore told officers that the money was proceeds from the sale of narcotics. Consequently, officers confiscated the money.

{¶35} Detective Robison also averred that his informant alleged that Appellee had an outstanding warrant for trafficking and possession in Franklin County, which notably was confirmed by Detective Downs.

{¶36} In the end, we are left with some information from the affidavit (arrest warrant for Appellee, evidence recovered from execution of that warrant, and the outstanding warrant for Appellee's arrest for drug offenses in Franklin County) that to a degree corroborated the informant's tip that drug trafficking was occurring at the Laurel Run Road address in 2017, but under the totality of the circumstances, we agree with the trial court it was simply not enough to find probable cause.

{¶37} Applying the standard that "a well-trained deputy would have known that the information in the affidavit did not establish probable cause because it did not contain information which would allow the issuing judge to find the informant was reliable," the trial court also held that the good faith exception to the exclusionary rule did not apply. We disagree.

**{¶38}** The Ohio Supreme Court has held that the good faith exception does not apply if "an officer purports to rely upon "* * * a warrant based on an affidavit '*so lacking in indicia of probable* cause as to render official belief in its existence *entirely unreasonable*' " (Emphasis added.) *George*, 45 Ohio St.3d 325, 331, 544 N.E.2d 640 (1989).

**{¶39}** Considering the affidavit, Detective Robison's testimony, and applying an objective standard, we hold that Detective Robison acted in good faith for two reasons.

**{¶40}** First, Detective Robison testified that he relied upon the prosecutor and the judge to acquire the warrant and there are no allegations that the prosecutor or judge acted improperly. Although reliance on these officials alone does not necessarily validate Detective Robison's action as being in good faith, when considered along with our second reason, it does.

**{¶41}** Second, although we find the warrant affidavit lacking in probable cause sufficient to support the issuance of a search warrant, we also find that it was not "so lacking in indicia of probable cause as to render official belief in its existence *entirely unreasonable*." As we discussed previously, a warrant for Appellee's arrest for trafficking was executed in 2016 at the Laurel Run Road address and even though he was not there, his girlfriend was, and she stated that cash found in the house was from the sale

of narcotics. Further, as verified by Detective Downs, Appellee had an outstanding warrant in Franklin County for possession and trafficking. We find that from an objective perspective Detective Robison was not "entirely unreasonable" in believing that his affidavit provided probable cause sufficient to support a search warrant. When a warrant has been issued, the legal sufficiency of the underlying affidavit has already been determined by the magistrate, and the magistrate's determination is entitled to credence. Courts cannot make the good faith of an officer turn upon whether his reliance on a warrant was misplaced. It is only when the reliance was wholly unwarranted that good faith is absent. *State v. Gray*, 4th Dist. Ross No. 1295, 1986 WL 14457, *6.

{¶42} Because we find that the trial court erred in holding that the Good Faith Exception to the Exclusionary Rule did not apply, we sustain the State's second assignment of error.

## CONCLUSION

{¶43} In this case, after review of the record, we hold that the trial court erred in failing to hold that the good faith exception to the exclusionary rule applied in this context. As such, we reverse the judgment of the trial court that granted Appellee's motion to suppress and remand the cause to the trial court for further proceedings.

**JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION**.

## **JUDGMENT ENTRY**

It is ordered that the judgment be reversed and remanded and costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**